UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| QUAD INT'L., INC, <br><br>                    Plaintiff, <br>    v. <br><br> JOHN DOE, <br><br>                    Defendant. <br> _____/ | No. C 12-05433 CRB (LB) <br><br> **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** <br><br> [Re: ECF No. 8] |

## I. INTRODUCTION

Plaintiff Quad Int'l, Inc. ("Quad") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 et seq., contributory infringement, and for negligence. Complaint, ECF No. 1, ¶¶ 25-50. It seeks permission to take limited, expedited discovery from a certain Internet Service Provider ("ISP") to identify and name the John Doe defendant in this case so that it can complete service of process. Motion, ECF No. 8. District Judge Charles Breyer referred Quad's motion to the undersigned for resolution on November 1, 2012. Referral Order, ECF No. 9. As discussed below, the court finds that good cause exists for Quad to engage in this early discovery and **GRANTS** Quad's motion.

## II. FACTS

Quad is a limited liability company organized and existing under the laws of the State of Florida. Complaint, ECF No. 1, ¶ 2. It is a holder of rights to various copyrighted works, and is the exclusive holder of the relevant rights with respect to Bit Torrent-based reproduction and distribution of

various copyrighted works. *Id.* The copyrighted work at issue in this complaint is one of Quad's adult entertainment videos, "ScoreHD - Tokyo Pick-Up" ("the Video"). *Id.*, ¶ 3.

The Video is currently registered in the United States Copyright Office (Copyright No. PA0001802617). *Id.*, ¶ 19, Exh. A. According to Quad, John Doe, without its permission, reproduced and distributed the Video to numerous third parties through a peer-to-peer file sharing network, causing economic and reputational damages. *Id.*, ¶ 22.

Because the peer-to-peer file sharing network that John Doe utilized is partially anonymous, Quad does not know his name and address and cannot complete service of process on him. Motion, ECF No. 8 at 1-2. It has, however, been able to identify the Internet Protocol ("IP") address assigned to him, the date and time that he allegedly infringed Quad's copyrighted work, and the ISP of the IP address. *Id.*, ¶¶ 4, 22; Hansmeier Decl., ECF No. 8-1, ¶¶ 14-27.

Quad therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve a subpoena on the ISP associated with John Doe's alleged IP address to obtain the name and contact information of the ISP subscriber, which may then assist Quad to determine the identity of John Doe so that it can effect service of process on him. Motion, ECF No. 8 at 2.

### III. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See*, *e.g.*, *IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identity of defendant is not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff

1 establishes good cause to learn the identity John Doe through early discovery, courts examine
2 whether the plaintiff (1) identifies John Doe with sufficient specificity that the court can determine
3 that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to
4 locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss,
5 and (4) proves that the discovery is likely to lead to identifying information that will permit service
6 of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### IV. DISCUSSION

**A. Quad Has Shown Good Cause**

Here, Quad has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify John Doe.

First, Quad has identified John Doe with sufficient specificity by alleging the IP address assigned to him and the day and time that he allegedly engaged in the infringing conduct. *See* Complaint, ECF No. 1, ¶¶ 4, 22-24; Hansmeier Decl., ECF No. 8-1, ¶¶ 14-27.

Second, Quad has adequately described the steps it took to locate and identify John Doe. Specifically, it investigated and collected data on unauthorized distribution of copies of the Video on BitTorrent-based peer-to-peer networks. Complaint, ECF No. 1, ¶¶ 20-24; Hansmeier Decl., ECF No. 8-1, ¶¶ 14-27. The data that Quad gathered includes John Doe's IP address, the ISP that assigned that IP address, and the date and time he allegedly infringed its copyrighted work. Complaint, ECF No. 1, ¶¶ 22-24; Hansmeier Decl., ECF No. 8-1, ¶ 24. Quad has been unable to identify John Doe further. Hansmeier Decl., ECF No. 8-1, ¶¶ 21, 28.

Third, Quad pled the essential elements to state claim for copyright infringement, contributory infringement, and negligence. Complaint, ECF No. 1, ¶¶ 25-50.

Fourth, Quad has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow it to effect service of process on John Doe. Specifically, the proposed subpoena requests that the ISP produce information sufficient to identify the subscriber to its service, including his name, address, telephone number, email address, and media access control ("MAC") address. Proposed Order, ECF No. 8-3 at 1-2.

Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant

Quad leave to conduct the requested early discovery. *See Semitool*, 208 F.R.D. at 276. Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipient. Permitting Quad to engage in this limited, early discovery is therefore consistent with Rule 26(d).

## B. Protections for ISP Subscribers

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting the allegations.

Here, as has been discussed by other courts in this district, the ISP subscriber may not be the individual who infringed upon Quad's copyright. *See*, *e.g.*, *Pac. Century Int'l*, 2011 WL 5117424, at *2; *see also IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work). The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents. *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality.

Furthermore, while Quad apparently has "used geolocation technology to trace the IP address of

the Defendant to a point of origin within the State of California," Complaint, ECF No. 1, ¶ 6, it acknowledges that such technology is not foolproof, *id*. ("Geolocation is a method for ascertaining the *likely* geographic region associated with a given IP address at a given date and time.") (emphasis added). Thus, it is possible that John Doe has a valid jurisdictional defense.

In light of the considerations, including the jurisdictional issue that might be particularly challenging for an individual proceeding without counsel, "protections for John Doe are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court." *Liberty Media Holdings, LLC v. Does 1-62*, Civil No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *6 (S.D. Cal. May 12, 2011).

Accordingly, the court **ISSUES** a protective order to the limited extent that any information regarding John Doe released to Quad by the ISP shall be treated as confidential for a limited duration. *See IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Quad shall not publicly disclose that information until John Doe has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *Id*. If John Doe fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Quad's counsel, this limited protective order will expire. *Id*. Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult entertainment, if John Doe includes identifying information within his or her request to proceed anonymously, the court finds good cause to order the papers filed under seal until the court has the opportunity to rule on the request. *See id*. at 3 (permitting party to file under seal a declaration with identifying information). If John Doe includes identifying information with his request to proceed anonymously and the request is placed under seal, the court will direct the him to submit a copy of the under-seal request to Quad and will ensure that Quad has time to respond.

## V. CONCLUSION

For the reasons stated above, the court **GRANTS** Quad's Ex Parte Motion for Expedited Discovery with respect to John Doe as follows.

1. **IT IS HEREBY ORDERED** that Quad may immediately serve a subpoena on the described at Paragraph 24 of the Hansmeier Declaration to obtain information to identify John Doe, including his name, address, telephone number, email address, and media access control address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon them to serve John Doe with a copy of the subpoena and a copy of this order. The ISP may serve John Doe using any reasonable means, including written notice sent to his last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that John Doe shall have 30 days from the date of service upon him to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without John Doe contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Quad.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order shall confer with Quad and shall not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. **IT IS FURTHER ORDERED** that Quad shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. **IT IS FURTHER ORDERED** that any information disclosed to Quad in response to a subpoena may be used by Quad solely for the purpose of protecting Quad's rights as set forth in its complaint.

This disposes of ECF No. 8.

///

///

///

**IT IS SO ORDERED.**

Dated: November 16, 2012

_____
LAUREL BEELER
United States Magistrate Judge